UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRITTENHAM, #252929,   No. 09-14913

    Plaintiff,   District Judge Denise Page Hood

v.   Magistrate Judge R. Steven Whalen

PATRICIA CARUSO, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before this Court is Defendant Shawn White's *Motion for Summary Judgment* [Docket #9], filed April 16, 2010, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Because Plaintiff has failed to exhaust his administrative remedies before filing suit, I recommend that the motion be GRANTED, dismissing Defendant WITHOUT PREJUDICE.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, a Michigan State Department of Corrections ("MDOC") prisoner currently housed at the Gus Harrison Correctional Facility, filed suit on December 18, 2009 alleging constitutional violations pursuant to 42 U.S.C. §1983.

Plaintiff alleges that on November 12, 2009 while standing in a medication line, a verbal altercation ensued between himself and an MDOC medical staff member. *Complaint* at pg. 3. Defendant, an MDOC corrections officer, intervened, pushing Plaintiff away from the medical staff member. *Id.* Plaintiff alleges that after warning Defendant not to assault him, he threw water in Defendant's face. *Id.* He alleges that Defendant continued to push him as other officers arrived on the scene. *Id.* He claims that Defendant and the other

officers assaulted him, placed handcuffs on him, then continued to assault him. *Id.* Plaintiff alleges that as a result, he required "4 to 6 stitches" above one of his eyes. *Id.* He requests 15,000,000 dollars in damages as well as injunctive relief.

## II. STANDARD OF REVIEW[1]

A dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. §1997e(a) is a dismissal without prejudice. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). In *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the Supreme Court suggested, in dicta, that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted. *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).

Nevertheless, whether categorized as a 12(b)(6) motion or otherwise, the underlying question in this motion is whether the Defendants have carried their burden of showing that the Plaintiff failed to exhaust his administrative remedies. If they have, then the unexhausted claims must be dismissed without prejudice.

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by

---

[1] Defendants' "Motion for Summary Judgment" does not address the merits of Plaintiff's claim, stating only that Plaintiff failed to exhaust his administrative remedies. Under 42 U.S.C. §1997e(a), a dismissal for failure of a prisoner to exhaust administrative remedies is granted without prejudice. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra*, 549 U.S. at 921, 127 S.Ct. at 216. Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

### III.  ANALYSIS

Defendant argues that Plaintiff has failed to exhaust the administrative remedies required by MDOC policy before filing suit. *Defendant's Brief,* citing *Ngo, supra.*

MDOC Policy Directive 03.02.130(R)(effective 3/5/2007) states the requirements for filing an administrative grievance:

> The issues should be stated briefly but concisely. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

Defendant's brief is accompanied by the affidavit of Richard B. Stapleton, MDOC's Administrator for the Office of Legal Affairs. *Defendant's Brief, Exhibit C.* Stapleton states that an MDOC database search found that Plaintiff's exhausted grievances were limited to a 2006 filing, predating the November 12, 2009 incident by over two years. *Id.* at ¶14.

Plaintiff has not responded to my April 22, 2010 order directing a responsive pleading. *Docket #11.* Accordingly, the motion should be granted on the basis that Plaintiff failed to exhaust his administrative remedies before filing suit.

## IV. CONCLUSION

For these reasons, I recommend that Defendant's Motion for Summary Judgment [Docket #29] be GRANTED, dismissing claims against Defendant WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The

response shall address specifically, and in the same order raised, each issue contained within the objections.

                                      s/R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

Dated: January 14, 2011

---

### CERTIFICATE OF SERVICE

      I hereby certify on January 14, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 14, 2011: David Brittenham.

                                      s/Michael E. Lang
                                      Deputy Clerk to
                                      Magistrate Judge R. Steven Whalen
                                      (313) 234-5217